**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No.  11-cv-01154-CMA-BNB

GE COMMERCIAL DISTRIBUTION
FINANCE CORPORATION,

      Plaintiff,

v.

DONWIN, LLC,

      Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR
ATTORNEYS' FEES AND COSTS**

---

      This matter is before the Court on the Motion for Attorneys' Fees and Costs filed

by Plaintiff, GE Commercial Distribution Finance Corporation, on August 9, 2011.  (Doc.

# 25.)  Plaintiff requests $93,772 in attorneys' fees and $1,042.75 in costs.  For the

reasons that follow, the Motion is denied.

## I.  BACKGROUND

      The facts and procedural history of this case are set out at length in the Court's

June 24, 2011 Order granting Plaintiff's Motion for Summary Judgment on its

Declaratory Judgment Claim.  (Doc. # 23.)  In that Order, the Court held that it had

jurisdiction to determine which of two competing provisions would govern the parties'

underlying dispute at arbitration.  (Doc. # 23 at 12.)  Plaintiff, a commercial lender, had

asserted that the arbitration was subject to the terms of the parties' Inventory Financing

Agreement ("IFA"), while Defendant, DonWin, LLC, a wholesale appliance dealer, argued that the Court should find their Forbearance Agreement to be the controlling document.  (*See* Doc. # 23.)  Agreeing with Plaintiff, the Court directed the parties "to arbitrate the underlying dispute according to the binding arbitration provision set forth in the Inventory Financing Agreement."  (*Id.* at 15.)

The Court further stated that "Plaintiff is permitted to submit a motion and supporting documentation for attorneys' fees and costs."  (*Id.*)  Accordingly, on August 9, 2011, Plaintiff filed the instant Motion for Attorneys' Fees and Costs.  (Doc. # 25.) Defendant responded on September 6, 2011 (Doc. # 28), and Plaintiff replied on September 27, 2011 (Doc. # 31).  Although the Court permitted Plaintiff to move for attorneys' fees and costs, in retrospect and for the reasons set forth below, the Court determines that it lacks jurisdiction to award such fees and costs.

## II.  DISCUSSION

Ordinarily, a prevailing litigant is "not entitled to collect a reasonable attorneys' fee from the loser."  *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).  However, this "American Rule" contains certain exceptions, including "where the parties have entered a contract that shifts attorneys' fees."  *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1238 (10th Cir. 1999).  In such a situation, fees are awarded according to the contract's terms.  *See United States v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987).

2

In this case, paragraph 27(h) of the IFA contains a provision for attorneys' fees

and costs.  Accordingly, the question of awarding such fees and costs hinges on the

Court's construction of the IFA's provision.[1]  However, the Court can answer the issue

of attorneys' fees only if it has jurisdiction to do so.  *See, e.g.*, *Qwest Corp. v. New

Access Commc'ns, LLC*, No. 03-N-1278, 2004 U.S. Dist. LEXIS 28523, at *17 (D. Colo.

Mar. 31, 2004) (noting that a court must first decide whether the disputed issue falls

under its jurisdiction or that of the arbitrator).

## A.    JURISDICTION

Under the Federal Arbitration Act, any issue concerning "the construction of the

contract language itself" should be resolved by the arbitrator.  *Moses H. Cone Mem'l*

*Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).  This broad principle is

supported by Defendant's citation to *Branchville Machinery Co. v. AGCO Corp.*, 252

F. Supp. 2d 307 (E.D. Va. 2003).  In *Branchville*, the plaintiff brought suit in federal

district court, alleging that the defendant was in breach of the parties' contract.  *Id.*

at 309.  The defendant requested that the court compel arbitration and also award

it reasonable attorneys' fees according to the terms of the underlying "Financing

Agreement."  *See id.*  The Financing Agreement, which the court described as "broad"

and as "cover[ing] disputes arising from all aspects of the parties relationship,"

contained a provision on attorneys' fees that stated:

---

[1] Although the Court described Defendant's conduct as coming "very close to Rule 11,"
the Court did not, and does not now, determine that Defendant violated that Rule.

> If, however, either party brings any action for judicial relief with respect to any Disputes that the parties have agreed to arbitrate under the terms of this Agreement, the party who brought such action will be liable for and will immediately pay to the other party all of the other party's costs and expenses (including attorney's fees) incurred by the other party to stay such action and remove or refer such Disputes to arbitration.

*Id.* at 310-11.  The court agreed with the defendant as to compelling the matter to arbitration but disagreed as to the fees request.  *Id.* at 312.  On the latter issue, the court stated: "[b]ecause the dispute over the matter of costs and fees arises from the terms of the Financing Agreement, that dispute is subject to the same arbitration requirement that [defendant] advocates for the claim filed by [plaintiff].  The arbitration clause does not exclude the issue of costs and fees from its requirement."  *Id.*  The Court finds the reasoning in *Branchville* persuasive and applies it here.

Similar to the language of the Financing Agreement in *Branchville*, the IFA's arbitration agreement is broad, and it does not exclude the issue of attorneys' fees or costs.  (*See* Doc. # 25-2 at 7.)  Other than with respect to certain exceptions not relevant here, the IFA subjects to arbitration "all actions, disputes, claims and controversies . . . of any type or nature whatsoever . . . ."  (*Id.*)  Moreover, the IFA's provision for attorneys' fees is contained in subparagraph (h), which comes under paragraph twenty-seven's heading, "BINDING ARBITRATION."  (*Id.* at 7-8.)  Thus, the Court concludes that any award of fees or costs to which Plaintiff is entitled is a matter for the arbitrator to decide.

4

The Court is not persuaded to the contrary by Plaintiff's argument that *Branchville* is distinguishable because, here, the Court already ruled that it "has jurisdiction to determine which of the parties' agreements governed the pending dispute." (Doc. # 31 at 4.)  The *Branchville* court also exercised its jurisdiction, as the very existence of its order makes clear, to choose which of two competing documents governed the parties' dispute.  252 F. Supp. 2d  at 309.  Further, in the June 24, 2011 Order in the instant case, the Court stated that determining which arbitration provision applies raises a jurisdictional issue that is different from the one implicated when deciding "the existence, **scope**, or validity, of an arbitration agreement." (Doc. # 23 at 10 (emphasis added).)  Questions of an arbitration agreement's scope are subject to the "strong presumption in favor or arbitration."  *Gay v. CreditInform*, 511 F.3d 369, 387 (3d Cir. 2007) (quotation marks and citations omitted).

Nor is the Court persuaded by Plaintiff's citation to *Camelot Investments, LLC v. LANDesign, LLC*, 973 P.2d 1279 (Colo. App. 1999) and *Lamkin v. Morinda Properties Weight Parcel, LLC*, No. 11-4022, 2011 WL 4346922 (10th Cir. Sept. 19, 2011) (unpublished).  In *Camelot*, the Colorado Court of Appeals held that it did not have subject matter jurisdiction over the case, which it concluded was subject to arbitration. But the court rejected the plaintiff's argument that it also lacked jurisdiction to award the defendant's attorneys' fees, reasoning that the parties had not "specifically authorize[d] the arbitrator to award fees incurred in the litigation."  Although the court's reasoning seems to favor Plaintiff's position, it fails to do so upon closer inspection.  The *Camelot*

5

court relied on a statutory provision that said: "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees, incurred in the conduct of the arbitration* shall be paid as provided in the award." *Id.* at 1281 (emphasis in original). The court said that provision, Colo. Rev. Stat. § 13-22-212, had been interpreted to "prohibit[] an arbitrator from awarding attorney fees unless the parties have specifically agreed that the arbitrator shall address that issue." *Id.* However, in the instant case, Plaintiff failed to mention that *Camelot* was "decided under the pre-2004 version of the Colorado [Uniform Arbitration Act]." *See Barrett v. Inv. Mgmt. Consultants, Ltd.*, 190 P.3d 800, 803 (Colo. App. 2008) (finding *Camelot* inapplicable and holding that arbitrator had power to award attorneys' fees); *see also* Colo. Rev. Stat. § 13-22-221(2) ("An arbitrator's expenses and fees, together with other expenses, shall be paid as provided in the award."). Accordingly, the analysis in *Camelot* no longer appears persuasive.

In *Lamkin*, the Tenth Circuit held that "[d]etermination of the [attorneys' fees] award is independent of, and hence should not interfere with, the prompt referral of the parties' underlying dispute to arbitration." 2011 WL 4346922, at *6. However, *Lamkin* did not address the attorneys' fees issue in terms of the court's jurisdiction. *See id.* Further, even if the opinion could be interpreted as doing so, the Court is not bound by it. *See* 10th Cir. R. 32.1 ("[u]npublished decisions are not precedential"). Moreover,

Plaintiff's claim here was promptly referred to arbitration, notwithstanding the pendency

of the instant Motion.

Accordingly, the Court lacks jurisdiction to award Plaintiff its fees and costs;

instead, that issue is to be decided at arbitration.

## B.   ATTORNEYS' FEES UNDER THE IFA

However, even if the Court had jurisdiction to award Plaintiff its fees and costs,

Plaintiff would not be entitled to them here.  The IFA's attorneys' fees provision states,

in pertinent part:

> If either a Dealer or Lender brings any other action for judicial relief with
> respect to any Dispute . . . , the party bringing such action will be liable for
> and immediately pay all of the other party's costs and expenses (including
> attorneys' fees) incurred to stay or dismiss such action and remove or
> refer such Dispute to arbitration.  [. . .]  Additionally, if a Dealer sues
> Lender or institutes any arbitration claim or counterclaim against Lender in
> which Lender is the prevailing party, Dealers [*sic*] will pay all costs and
> expenses (including attorneys' fees) incurred by Lender in the course of
> defending such action or proceeding.

(Doc. # 25-2 at 8.)  Defendant asserts that it did not bring an "action for judicial relief"

and that, therefore, it is not liable for Plaintiff's "costs and expenses."  (Doc. # 28 at 6.)

The Court agrees, subject to an important caveat addressed below.

Defendant is correct as to the course of the proceedings.  Defendant brought the

underlying arbitration, while **Plaintiff** brought the "action for judicial relief" in this Court.

Plaintiff admits that Defendant "technically did first bring its claims before the AAA and

not as part of an 'action for judicial relief.'"  (Doc. # 31 at 5.)  However, Plaintiff urges the

Court to look beyond the literal language of the provision, arguing that the parties' intent

7

in drafting it was to "shift fees and costs to any party that improperly ignores the IFA's arbitration agreement." (*Id.* at 6.)

The problem with Plaintiff's argument is that it directly conflicts with the provision's terms. Courts first "look to the plain and ordinary meaning of the terms of the agreement . . . to effectuate the parties' intent and the purposes of the agreement." *Radil v. Nat'l Union Fire Ins. Co.*, 233 P.3d 688, 692 (Colo. 2010); *see also Thompson v. Gordon*, 948 N.E.2d 39, 47 (Ill. 2011) ("A court will first look to the language of the contract itself to determine the parties' intent.").[2] "Judicial" means "of, relating to, or by the court or a judge." Black's Law Dictionary 922 (9th ed. 2009). "Arbitration," on the other hand, is defined as "a method of dispute resolution involving one or more neutral third parties who are usually agreed to by the disputing parties and whose decision is binding." *Id.* at 119. Because the plain and ordinary meaning of the provision's terms is unambiguous, the Court need not resort to further cannons of contract interpretation. *Shams v. Howard*, 165 P.3d 876, 880 (Colo. App. 2007) ("Extraneous evidence is considered only when the contract is ambiguous."); *see also Westfield Ins. Co. v. FCL Builders, Inc.*, 948 N.E.2d 115, 120 (Ill. App. Ct. 2011) ("We may only consider extrinsic evidence outside of the contract if the contract is ambiguous."). According to the terms of the attorneys' fees provision, the parties did not intend for Defendant to "be liable for

---

[2] Defendant asserts that the "IFA is governed by Illinois Law" and, accordingly, cites Illinois cases regarding contract interpretation. (Doc. # 28 at 4, 6-8.) Plaintiff fails to address directly Defendant's assertion but cites to a couple of Illinois federal cases in its Reply. (*See* Doc. # 31 at 4-6.) In any event, the Court need not decide this issue as Colorado and Illinois law are in agreement on the principles of contract interpretation implicated here, as discussed above.

and immediately pay" Plaintiff's fees and costs in defending the action for judicial relief that Plaintiff initiated.

However, the Court disagrees with Defendant's position to the extent that Defendant seeks to escape liability for Plaintiff's fees and costs under all circumstances. Although, for reasons unknown to the Court, neither party addresses the remainder of the attorneys' fees provision, it clearly applies to the situation at hand.  Here, Defendant instituted an arbitration claim against Plaintiff.  Thus, according to the terms of the provision, if Plaintiff "is the prevailing party" at arbitration, then Defendant "will pay all costs and expenses (including attorneys' fees) incurred by [Plaintiff] in the course of defending such action or proceeding."  (Doc. # 25-2 at 8.)

"Defend" means to "to deny, contest, or oppose (an allegation or claim)."  Black's Law Dictionary 482.  Plaintiff contested the initial arbitration claims Defendant asserted by arguing that the IFA governed the proceedings.  Plaintiff was eventually compelled to seek declaratory relief here in opposition to Defendant's recalcitrance at arbitration. Accordingly, although the parties did not intend for Defendant to "be liable for **and immediately pay**" Plaintiff's fees and costs in conjunction with the litigation initiated here by Plaintiff, the terms of the provision indicate that they did intend for such liability and payment **if Plaintiff prevails at arbitration**.

This reading of the attorneys' fees provision further confirms the Court's determination that jurisdiction to award Plaintiff's fees and costs rests with the arbitrator, not this Court.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Attorneys'

Fees and Costs (Doc. # 25) is DENIED for lack of jurisdiction.

DATED:  February __27__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge